[Civ. No. 20286.   Second Dist., Div. One.   Mar. 7, 1955.]

WILLIAM L. PENZNER, Respondent, v. ADOLPHE
WENLAND, Appellant.

Thomas D. Mercola for Appellant.

Guy E. Ward for Respondent.

DORAN, J.—The appeal is from the judgment in an action
for declaratory relief which also sought damages.

Plaintiff was the lessor and the defendant the lessee.   The
lease dated December, 1951, which was for the second floor
of a building, covered a period of five years at the rate of
$700 per month.   Lessee was to have possession April 1, 1952.
Defendant's answer alleges that, ''Plaintiff failed, refused,
and neglected on April 1, 1952 to have the premises altered
and available for occupancy of the defendant, and failed,
refused and neglected to put defendant in possession thereof,
and by reason thereof defendant has no liability in the
premises.''

The trial judge found for plaintiff.

In effect, appellant contends that the evidence is insufficient to support the findings and judgment.

It is argued that, ''The evidence of the plaintiff's witnesses is inherently improbable and was impeached by the photographic evidence showing the actual physical condition of the property. Therefore, the evidence does not support the findings and the findings do not support the judgment. In face of this, to hold that there was compliance with the terms of the lease, does violence to reason. The lease, as amended, provides in part as follows:

''2. The term of the lease shall commence as of April 1, 1952, and shall end on March 31, 1953.

''3. Lessor agrees at his expense to maintain the grounds and plants.

''4. Lessee shall have the right to use the auto park in the rear of the building and lessor agrees to maintain said auto park.'' and that, ''The failure of the plaintiff to put the defendant in possession was a breach of the implied covenant of quiet possession, and defendant was entitled under the lease to the possession and quiet enjoyment of the premises during the term of the lease. Any disturbance of the defendant's possession or where the premises are rendered unfit or unsuitable for occupancy for the purposes for which they were leased, and the effect of which is to preclude the defendant from his quiet enjoyment and possession, constitutes a constructive eviction.''

Although plaintiff sought damages in the sum of $13,206.48 ''by way of compensatory damages for alterations and repairs done at the request of defendant,'' the judgment in the sum of $11,900 pursuant to the finding, was for rent only.

■ The action of the trial court in permitting plaintiff to file the amended complaint was not error. The amendment merely included the rent due to the date of trial. ■ Also the court's denial of permission to file an amended answer was not prejudicial. The so-called amendments actually added nothing to the controversial issues.

As noted above, appellant refers to ''Photographic evidence showing the actual physical condition of the property.'' In this connection it is important to note that the trial judge visited and viewed the premises.

■ The evidence was conflicting as it is in most cases and the only question is one of fact. In such circumstances the law is well settled that if there is substantial evidence

to support the trial judge in this respect the judgment must be sustained and a review of the evidence shows it to be sufficient.

There are no prejudicial errors and the judgment is therefore affirmed.

White, P. J., and Drapeau, J., concurred.